35041, 35042. GADDIS *v.* THE STATE (two cases).

GARDNER, P. J. (*a*) The defendant was convicted on two indictments: one for carrying a pistol without a license, and one for carrying a concealed pistol. The cases were tried together. The evidence in each case is substantially the same, except, of course, the evidence sufficient to make out the one offense is different from that which is sufficient to make out the other as to requirements to convict. The assignments of error in each case are the same. Aside from the general grounds, there is one special ground in each case. These are identical. We will, therefore, consider the cases together following the pattern of counsel on each side. So far as the general grounds are concerned, the evidence amply supports the verdict for each offense. The assignments of error as to the general grounds are without merit.

(*b*) The one special ground in each case concerns an incident along the way when the defendant and three others were going fishing. One of the members of the fishing party, Bryant, testified upon inquiry from the solicitor-general that the party stopped along the way and before the fishing place was reached, and the witness and another man purchased some beer. The solicitor-general inquired of the witness whether or not the witness saw the defendant, Pauline Gaddis, with the pistol

in question at that place. The witness answered that he did not. He testified that he did not see the pistol until the party arrived at the river; and the solicitor-general further inquired of this witness whether he then saw the defendant with the pistol. The witness answered in the affirmative. Upon further inquiry, he answered that the defendant obtained the pistol either out of her boot or from her pocket, and that she handed the pistol to the witness. The solicitor-general, during the questioning of the witness, Bryant, asked who paid for the beer. The witness answered that he and another man paid for it. Thereupon counsel for the defendant objected to the evidence of buying the beer as being irrelevant, immaterial, and prejudicial. The court immediately sustained this objection and instructed the jury that the beer incident had nothing at all to do with the offense for which the defendant was being tried, and that the jury should not consider it. Counsel for the defendant moved for a mistrial. The court promptly and correctly denied this motion. Counsel for the defendant contends in his argument that, the defendant being a woman, the incident of buying beer was so prejudicial to her that she could not get a fair trial. There is no evidence that the defendant purchased the beer or drank any beer. However, if she had done both, as many women do in these modern times, we do not think this could prejudice her cause to the extent of keeping her from receiving a fair trial. Moreover, there was other unimpeached evidence that she carried a pistol without a license and concealed it in her boot. Besides, the defendant in her statement said: "I didn't carry a gun at the time. The only time I carried a gun was whenever I was going out fishing or something like that, and I didn't carry it for any reason at all." There is no merit in this special ground.

The court did not err in denying the motion for a new trial in both of the cases.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED MARCH 10, 1954.

*Brannon & Brannon*, for plaintiff in error.
*Jeff C. Wayne, Solicitor-General, S. O. Smith, Jr.*, contra.